Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000770
31-JUL-2014
08:28 AM

NO. CAAP-11-0000770

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ASSET
BACKED SECURITIES TRUST 2006-FRE-1, Plaintiff-Appellee, v.
EMILIA SAMBO HOLCOMB, Defendant-Appellant and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2381)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Emilia Sambo Holcomb (**Holcomb**) appeals from the Circuit Court of the First Circuit's (**Circuit Court's**) September 23, 2011 Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b)-certified Judgment on Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds and for a Writ of Possession (**Judgment Confirming Sale**),[1] and also challenges the Circuit Court's September 23, 2011 Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds and for a Writ of Possession (**Order Confirming Sale**), as well as the Circuit Court's November 9, 2011 Order Denying [Holcomb's] Combined Motions[2] to (1) Set Aside Entry of Default; (2) Motion for Rule

---

[1] The Honorable Bert I. Ayabe presided.

[2] These motions are referred to herein as the **Combined Motions**.

60 Relief from Judgment; and (3) Emergency Motion for Stay of Proceedings and Ejectment, Filed August 18, 2011 (**Order Denying Relief**).

Holcomb raises the following points of error on appeal:

(1) the Circuit Court erred by confirming the sale of the subject property;

(2) the Circuit Court erred by not permitting Holcomb to set aside the default and/or allowing her HRCP Rule 60 relief from the foreclosure order and judgment; and

(3) the Circuit Court erred by granting summary judgment in the underlying foreclosure because genuine issues of material fact existed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by the parties, we resolve Holcomb's points of error as follows:

Before addressing Holcomb's contention that the Circuit Court erred in conjunction with the confirmation of the sale of the subject property, we consider the Order Denying Relief, which rejected Holcomb's requests for relief from the earlier, unappealed, foreclosure order and judgment.

On September 16, 2010, Plaintiff-Appellee U.S. Bank National Association (**US Bank**) filed Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed October 13, 2009 (**Motion for Summary Judgment**). On December 21, 2010, the Circuit Court entered its Findings of Fact, Conclusions of Law and Order Granting the Motion for Summary Judgment (**FOFs, COLs, and Order Granting Summary Judgment**) and a Judgment on the FOFs, COLs, and Order Granting Summary Judgment (**Judgment on Foreclosure**). Holcomb was denied relief from these rulings in the Order Denying Relief.

To consider Holcomb's arguments regarding the Order Denying Relief, we first must determine whether this court has appellate jurisdiction to review it.

Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1) mandates that a notice of appeal "shall be filed within 30 days after entry of the judgment or appealable order," and failure to timely appeal is considered "a jurisdictional defect which cannot be waived by the parties or disregarded by the court in the exercise of its discretion." See Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 430, 16 P.3d 827, 835 (App. 2000) (citing Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986)). HRAP Rule 4(a)(2), however, provides that a judgment or order may in some cases be considered timely, despite being filed prematurely, stating: "If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal."

Holcomb filed the Combined Motions on August 18, 2011 (the same day that the Circuit Court announced its ruling confirming the sale of the subject property). On September 20, 2011, the Circuit Court held a hearing on the Combined Motions and took the matter under advisement. Through a minute order issued on September 26, 2011, the court informed the parties that the requested relief was denied, thereby constituting an "announcement of a decision" under HRAP Rule 4(a)(2).

On October 21, 2011, Holcomb filed a Notice of Appeal from the Order Confirming Sale and Judgment Confirming Sale (both entered on September 23, 2011). Subsequently, on November 9, 2011, the Circuit Court entered its Order Denying Relief. No further notice of appeal was filed.

The jurisdictional question is, therefore, whether Holcomb's October 21, 2011 Notice of Appeal constitutes a timely appeal from the Order Denying Relief. First, we note that the Notice of Appeal failed to designate or in any way mention the Circuit Court's ruling on Holcomb's Combined Motions. HRAP Rule 3(c)(2) provides that "[t]he notice of appeal shall designate the judgment, order, or part thereof and the court or agency appealed from" and that "[a] copy of the judgment or order shall be

3

attached as an exhibit." However, the rule also states that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." HRAP Rule 3(c)(2).

In Chun v. Bd. of Trustees of Employees' Ret. Sys. of State of Hawaii, 92 Hawaiʻi 432, 448, 992 P.2d 127, 143 (2000), the Hawaiʻi Supreme Court dismissed the appellants' claim under HRAP Rule 3(c)(2) for lack of appellate jurisdiction because the appellants failed to designate the subject order in their notices of appeal, stating:

> The notice of appeal shall designate the judgment, order, or part thereof appealed from. HRAP Rule 3(c) (1996). Inasmuch as Retirees did not, in either of their notices of appeal, designate the July 17, 1998 order as an order from which an appeal was being taken, they have not properly appealed it. Accordingly, we lack appellate jurisdiction over the propriety of the circuit court's refusal to disqualify [attorney].

(Internal quotation marks and brackets omitted.)

The Supreme Court has also held that the designation requirement "should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." State v. Bohannon, 102 Hawaiʻi 228, 235, 74 P.3d 980, 987 (2003) (emphasis and citations omitted); see also City & Cnty. of Honolulu v. Midkiff, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976) (notice of appeal from a judgment was valid despite that it mistakenly designated an incorrect date for the appealed judgment); Munoz v. Chandler, 98 Hawaiʻi 80, 91, 42 P.3d 657, 668 (App. 2002) ("[a]lthough not titled 'Notice of Appeal,' the document fairly communicated the Muñozes intent to appeal" and thus was sufficient for jurisdictional purposes (internal quotation marks and original brackets omitted)); State v. Graybeard, 93 Hawaiʻi 513, 516, 6 P.3d 385, 388 (App. 2000) (notice of appeal from a judgment was valid, despite that it designated a nonexistent judgment, because it was obvious that appellant was "appealing from the only extant judgment" in the case).

In this case, however, Holcomb's failure to designate the Order Denying Relief (or the underlying ruling) in her Notice

of Appeal is not merely a technical mistake in form, such as writing down the wrong date or including the wrong title; rather, it involved a complete omission, with Holcomb attaching and referencing only the Order Confirming Sale and Judgment Confirming Sale and making no mention whatsoever of the court's ruling on her request for relief. We cannot fairly infer from the October 21, 2011 Notice of Appeal that Holcomb intended to appeal from the Circuit Court's denial of her Combined Motions for relief from the FOFs, COLs, and Order Granting Summary Judgment and Judgment on Foreclosure. See Bohannon, 102 Hawai'i 228, 235, 74 P.3d 980, 987 (2003) (stating that "a mistake in designating the judgment . . . should not result in loss of the appeal *as long as the intent to appeal from a specific judgment can be fairly inferred from the notice* and the appellee is not misled by the mistake" (emphasis altered and citations omitted)); Chun, 92 Hawai'i at 448, 992 P.2d at 143. Accordingly, we conclude that we lack appellate jurisdiction to review the Order Denying Relief.

Holcomb also asserts that the Circuit Court erred when it confirmed the sale of the subject property, and raises numerous related allegations and arguments. Holcomb first argues that she "filed a timely opposition to the motion to confirm sale," that she was entitled to oppose the motion even with a prior default entry, and that she moved to set aside the default and for relief. In making these arguments, though, Holcomb fails to explain how these assertions lead to the conclusion that the Circuit Court erred in some manner regarding its confirmation of the sale, or to cite any authorities supporting this proposition, and we find none.

Holcomb also raises an alleged title defect, which purportedly precluded a non-judicial foreclosure, and various other alleged problems, irregularities, and defects relating to the underlying note and mortgage and the assignment thereof. However, these issues should have been raised in opposition to and/or on timely appeal from the Circuit Court's FOFs, COLs, and Order Granting Summary Judgment and Judgment on Foreclosure

5

and/or the Order Denying Relief and are not properly raised on appeal from the Judgment Confirming Sale. <u>See</u> HRAP Rule 4(a)(1); <u>Sec. Pac. Mortg. Corp. v. Miller</u>, 71 Haw. 65, 71, 783 P.2d 855, 858 (1989) (appellate "jurisdiction is limited to review of issues within the parameters of the orders from which timely appeal is taken" (citation omitted)); <u>Cook v. Sur. Life Ins., Co.</u>, 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995) ("this court will only consider other orders which were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order" (citations omitted)).

For these reasons, the Circuit Court's September 23, 2011 Judgment Confirming Sale is affirmed.

DATED: Honolulu, Hawai'i, July 31, 2014.

On the briefs:

Robin R. Horner
(RRH & Associates)
for Defendant-Appellant

Robert E. Chapman
Elise Owens Thorn
(Clay Chapman Iwamura Pulice
 & Nervell)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge